RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
BENJAMIN F. J. NEMEC
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Ben_Nemec@fd.org

Attorney for David Lee Kagel

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00024-GMN-DJA-1 |
| Plaintiff, | **STIPULATION TO CONTINUE CHANGE OF PLEA HEARING** |
| v. | (Second Request) |
| DAVID LEE KAGEL, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Theodore M. Kneller, Trial Attorney, U.S. Department of Justice, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Benjamin F. J. Nemec, Assistant Federal Public Defender, counsel for David Lee Kagel, that the change of plea hearing currently scheduled on April 1, 2024, be vacated and continued to April 29, 2024.

This Stipulation is entered into for the following reasons:

1. On June 28, 2023, in United States District Court for the Central District of California, the government simultaneously filed an information charging the defendant, Mr. Kagel, with one count of conspiracy to commit commodity fraud in violation of title 18, United States Code, Section 371 and a plea agreement between Mr. Kagel and the government.

2. On September 6, 2023, Mr. Kagel was arraigned before Magistrate Judge Brianna Fuller Mircheff in the United States District Court for the Central District of California.

3. On January 30, 2024, the government filed a consent to transfer jurisdiction, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, to transfer the case to the District of Nevada.

4. On February 1, 2024, the case was transferred to the District of Nevada and entered on the Court's docket.

5. On February 12, 2024, the Court ordered a change of plea hearing for March 11, 2024.

6. On February 14, 2024, new defense counsel for Mr. Kagel filed a notice of appearance in this case for the first time.

7. On March 4, 2024, the government notified counsel for Mr. Kagel that the bail report indicated the Mr. Kagel has frontal lobe dementia.

8. On March 7, 2024, the parties filed with the Court a joint stipulation to continue the change of plea hearing that was then scheduled for March 11, 2024.

9. Counsel for Mr. Kagel proposed, and the parties agreed, to stipulate to a continuance of at least 30 days to allow additional time for the defense to determine if Mr. Kagel is competent to enter a plea.

10. On March 7, 2024, the Court entered an order granting the stipulation to continue and re-scheduled the change of plea hearing 21 days later on April 1, 2024.

11. As requested by counsel for Mr. Kagel and stipulated by the parties, the defense anticipates that it will need at least 30 days from the initial change of plea hearing date of March 11, 2024 to confer with Mr. Kagel and determine whether Mr. Kagel is competent to enter a plea.

12. Lead government counsel works and resides in Washington, D.C., and lead government counsel has a conflict that prevents his travel to the District of Nevada on April 1, 2024.

13. The defendant is not in custody and agrees with the need for the continuance.

14. The parties agree to the continuance.

15. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant.

16. Defense counsel represents that denial of this request for continuance could result in a miscarriage of justice.

2

17. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

18. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 1, 2024 to March 11, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(E) because the delay results from the transfer of the case from another district under the Federal Rules of Criminal Procedure.

19. In addition, based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 11, 2024 to April 29, 2024, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) because the delay results from the defense's examination of Mr. Kagel to determine the mental competency of the defendant.

20. Furthermore, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 1 to April 29, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

1     This is the second request for a continuance of the change of plea hearing.

2     DATED this 15th day of March, 2024.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By /s/ Benjamin F. J. Nemec<br>BENJAMIN F. J. NEMEC<br>Assistant Federal Public Defender | By /s/ Theodore M. Kneller<br>THEODORE M. KNELLER<br>Trial Attorney, U.S. Department of Justice |

1  RENE L. VALLADARES
   Federal Public Defender
2  State Bar No. 11479
   BENJAMIN F. J. NEMEC
3  Assistant Federal Public Defender
4  411 E. Bonneville, Ste. 250
   Las Vegas, Nevada 89101
5  (702) 388-6577/Phone
   (702) 388-6261/Fax
6  Ben_Nemec@fd.org
7
   Attorney for David Lee Kagel
8

9  **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00024-GMN-DJA-1 |
| Plaintiff, | **ORDER** |
| v. | |
| DAVID LEE KAGEL, | |
| Defendant. | |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on March 15, 2024. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The change of plea hearing in this matter is continued from April 1, 2024 to April 29, 2024 at the hour of 9:00 a.m.; or to a time and date convenient to the Court.

2. The time period of February 1, 2024 to April 29, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (1)(E), (7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED this __15__ day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE