GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
D.C. Bar No. 978680
1400 New York Avenue, NW
Washington, DC 20530
Telephone:   (202) 514-5799
E-mail:   Theodore.Kneller@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID LEE KAGEL,<br><br>　　　　　　Defendant. | Case No. 2:24-cr-00024-GMN-DJA<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER** |

　　　　The United States of America, by and through its counsel of record, and defendant David Lee Kagel, by and through his undersigned counsel, respectfully move for entry for a Protective Order governing discovery provided to the defendant in this matter in accord with the following Stipulation.

**STIPULATION**

　　　　Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license

number, financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI").

Whereas, the parties recognize that discovery in the above-captioned case is includes documents and other evidence containing PPI or that are otherwise sensitive.

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party or third party or any other sensitive information.

Whereas, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

1. All materials provided as discovery by the government, including, but not limited to, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the in connection with any stage of the proceedings in this case, including sentencing, shall be referred to as "Discovery Materials."

2. The government may produce Discovery Materials to the defendant's attorneys without redacting PPI.

3. Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted to the defendant, attorneys for the defendant, and any agents, contractors, or employees acting on behalf of the defendant's attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

4. All Discovery Materials are subject to this protective order ("the Order") and may be used by Authorized Persons solely in connection with the above-captioned matter, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

5. Attorneys for the defendant will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

6. Attorneys for the defendant will retain possession of all copies of the Discovery Materials, and the defendant shall not retain the Discovery Materials or copies of the Discovery Materials.

7. Except when carrying out duties or when acting on behalf of the defendant and/or their attorneys in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

    a. grant or permit access to Discovery Materials by any non-Authorized Person.

    b. allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

    c. distribute any Discovery Materials, by any means, to any non-Authorized Person.

    d. use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

    e. use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

    f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue.

8. An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials. Unless otherwise authorized by the Court, upon conclusion of the above-captioned matter, the defendant's attorney shall return any and all copies of Discovery Materials to the attorneys for the United States, or provide them with written certification that the Discovery Materials have been destroyed.

9. Nothing in the agreement shall be deemed an admission of the evidentiary or admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

///

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice

| | |
|---|---|
|     /s/ *Theodore M. Kneller*     |   July 30, 2024   |
| THEODORE M. KNELLER | Date |

Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
D.C. Bar No. 978680
1400 New York Avenue, NW
Washington, DC 20530
Telephone:   (202) 514-5799
E-mail:   Theodore.Kneller@usdoj.gov

RENE L. VALLADARES
Federal Public Defender

| | |
|---|---|
| By    */s/ Benjamin F. J. Nemec*    |   July 30, 2024   |
| BENJAMIN F. J. NEMEC | Date |

Assistant Federal Public Defender
*Counsel for Defendant*

**IT IS ORDERED.**

DATED: 7/31/2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE